KLESTADT & WINTERS, LLP
292 Madison Avenue, 17th Floor
New York, New York  10017
(212) 972-3000
Sean C. Southard
Brendan M. Scott

*Attorneys For Missionary Sisters of the Sacred Heart, a not-for-profit corporation organized under the Laws of the State of New York*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CABRINI MEDICAL CENTER | Case No. 09-14398 (AJG) |
| Debtor. | Jointly Administered |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CABRINI MEDICAL CENTER, | |
| | Adversary Proceeding |
| Plaintiff, | No. 09-01639 (AJG) |
| v. | **JURY TRIAL DEMANDED** |
| MISSIONARY SISTERS OF THE SACRED HEART, ILLINOIS AND MISSIONARY SISTERS OF THE SACRED HEART, NEW YORK, | |
| Defendants. | |

**ANSWER OF MISSIONARY SISTERS OF THE SACRED HEART, A NOT-FOR-PROFIT CORPORATION ORGANIZED UNDER THE LAWS OF THE STATE OF NEW YORK TO ADVERSARY COMPLAINT FILED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CABRINI MEDICAL, ON BEHALF OF THE ESTATE OF CABRINI MEDICAL CENTER**

Defendant Missionary Sisters of the Sacred Heart, a not-for-profit corporation organized

under the laws of the State of New York ("Defendant"), by its undersigned attorneys, Klestadt &

Winters, LLP, hereby responds (the "Answer") to the Adversary Complaint ("Complaint") filed

by the Official Committee of Unsecured Creditors (the "<u>Plaintiff</u>") of Cabrini Medical Center, on behalf of the estate of Cabrini Medical Center, debtor and debtor in possession ("<u>Debtor</u>") as follows:

## **PRELIMINARY STATEMENT**

The Complaint contains allegations concerning parties and entities other than Defendant,[1] including without limitation, allegations concerning Defendant Missionary Sisters of the Sacred Heart, a not-for-profit corporation organized under the laws of the State of Illinois ("<u>MSSH-ILL</u>"), the unincorporated Missionary Institute (as defined below), and Cabrini Medical Center ("<u>CMC</u>" or "<u>Debtor</u>") . Unless otherwise specifically indicated, Defendant denies knowledge or information sufficient to form a belief as to the truth of any of the allegations concerning the conduct or knowledge of any party other than Defendant.

1. Paragraph 1 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent that an answer may be required, Defendant admits that Plaintiff purports to have commenced an adversary proceeding related to the above-captioned chapter 11 case. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent that an answer may be required, Defendant admits that this Court's jurisdictional grants are contained within 28 U.S.C. §§ 157 and 1334. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 2 of the Complaint.

---

[1] In many instances, the allegations in the Complaint refer to "Defendants" generally when a particular allegation or count seems to refer to Defendant specifically or to MSSH-ILL specifically.

3. Paragraph 3 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent that an answer may be required, Defendant admits that Plaintiff purports to have commenced an adversary proceeding under Rule 7001(1), (2), (7), (8) and (9) of the Federal Rules of Bankruptcy Procedure.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent that an answer may be required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent that an answer may be required, Defendant admits that this Court entered an Interim Order (I) Authorizing Debtor to Obtain Postpetition Financing Pursuant to 11 U.S.C.§§ 364(c) and 364(d); (II) Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. §363; (III) Granting Liens and Super-Priority Claims; (IV) Granting Adequate Protection to the Secured Parties Pursuant to 11 U.S. C §§361, 362, 363 and 364; and (V) Scheduling a Final Hearing, dated July 30, 2009.  Defendant respectfully refers all matters of interpretation of said order to the Court.

6. Defendant admits that the Debtor is and was a not for profit corporation organized under the laws of the State of New York.  Defendant further admits that during periods prior to its bankruptcy filing on July 9, 2009, the Debtor operated as a healthcare provider in New York, New York.  Defendant also admits that the Debtor continues in possession of its property and is

managing its business pursuant to sections 1107 and 1108 of the Bankruptcy Code. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Defendant admits that the Plaintiff was formed on July 20, 2009 and consisted of the identified members at the time of formation.  Defendant admits that the Plaintiff has retained Alston & Bird LLP as counsel.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 7 of the Complaint.

8.      Defendant admits that MSSH-ILL is a is a not-for-profit corporation organized under the laws of the State of Illinois that maintains a principal place of business at 434 West Deming Place, 2nd Floor, Chicago, Illinois 60614.

9.      Defendant admits that Defendant is a not-for-profit corporation organized under the laws of the State of New York that maintains a principal place of business at 222 East 19th Street, New York, New York 10003.

10.      Defendant denies the allegations as stated in Paragraph 10 of the Complaint, but admits that Saint Frances Xavier Cabrini ("Mother Cabrini") was involved in founding a hospital known as "Columbus Hospital" ("Columbus Hospital") located on 12th Street on or about September 17, 1892, which business was later incorporated on or about March 25, 1895. Defendant also admits that the Missionary Sisters of the Sacred Heart of Jesus (the "Missionary Institute") is an international religious institute or congregation of religious women present on six continents and in sixteen countries of the world.  Defendant also admits that the Missionary Institute was founded by Mother Cabrini.  Defendant denies that Defendant or MSSH,–ILL as not-for-profit corporate entities, are part of a "religious order" as the allegations state in Paragraph 10.

11.     Defendant denies the allegations as stated in Paragraph 11 of the Complaint, but admits that on or about February 15, 1978, Columbus Hospital merged with another organization known as the "Italian Hospital" and that the resulting combined organization assumed the name "Cabrini Health Care Center."

12.     Defendant admits that a certificate of merger among the Debtor and Stuyvesant Polyclinic was executed, signed and verified on March 30, 1990, which document, after certain statutory prerequisites, including approval by Justice William P. McCooe, New York State Supreme Court, County of New York, provided for the merger of Stuyvesant Polyclinic and the Debtor in accordance with Section 904 of the Not-For-Profit Corporation Law of the State of New York. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations as stated in Paragraph 13 of the Complaint, but admits that at one time or another, Stuyvesant Polyclinic provided health care services in its community.

14.     Defendant denies the allegations as stated in Paragraph 14 of the Complaint, but admits that for certain periods prior to March, 2008, the Debtor operated a hospital at 227 East 19th Street, New York, New York 10003.

15.     Paragraph 15 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent that an answer may be required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 15 of the Complaint.

16.     Defendant admits that the Berger Commission issued a report on November 26, 2006 containing many recommendations, including, a recommendation that the Debtor should

close in an orderly fashion.  Debtor further admits that the Berger Commission report issued on

November 26, 2006 stated that:

> There is no continuing need for an inpatient medical/ surgical capacity at this facility. While the administration and the board have been very aggressive in attempting to preserve Cabrini as a hospital, and have been creative in developing different configurations including reducing medical/ surgical beds, it appears to us that the surrounding hospitals can easily absorb inpatient admissions from this market area.

> We therefore recommend that Cabrini's inpatient beds be closed, that its current inpatient behavioral health capacity be transitioned to other facilities, and that the **facility continue its service to the community by expanding its primary care and specialty care capabilities into a Diagnostic and Treatment Center. The institution should be supported in restructuring to become a D&TC and possibly a federally-qualified health center (FQHC) with assistance and funding by the State**.

> **Cabrini is a critical provider of ambulatory care. Its primary service area includes communities that face serious primary care shortages for Medicaid and low-income residents (Chelsea/ Clinton and Union Square/ Lower East Side); as well as high incidence of mental illness, substance abuse, HIV/AIDS and chronic diseases.**

> We are aware that Cabrini is in discussions with other providers and these discussions will go beyond the RAC's deadlines.

17.     Defendant admits that on or about December 5, 2006, the Governor of the State of

New York issued written approval of the Berger Commission's report.  Defendant denies

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

as stated in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint states legal conclusions to which no responsive

pleading is required.  To the extent that an answer may be required, Defendant admits that at

some point in time, the Berger Commission's recommendations became binding on the New

York Department of Health ("DOH").  Defendant denies knowledge or information to form a

belief as to the truth of the remaining allegations as stated in Paragraph 18 of the Complaint.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 19 of the Complaint.

20.     Defendant admits that the Debtor ceased active operations as an acute care hospital on or about March, 2008, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 20 of the Complaint.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 21 of the Complaint, but admits that Mother Cabrini was involved in founding of Columbus Hospital (as previously defined) in or about 1892, which was later incorporated.  Defendant further admits that the Missionary Institute was founded by Mother Cabrini.  Defendant also admits that members of the Missionary Institute were signatories to the merger transaction that resulted in the entity now known as CMC.

22.     Defendant denies the allegations as stated in Paragraph 22 of the Complaint, but admits that certain by-laws of the Debtor adopted on April 8, 2003 and edited on March 3, 2004 state in Section 1 entitled "General Purposes" as follows:

The Corporation shall be organized and operated exclusively for charitable, religious, educational and scientific purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986….Without limiting the generality of the foregoing, the purposes for which the Corporation is to be formed are:

(a)     to erect, establish, maintain and operate a Catholic hospital for the reception, care, maintenance, giving of medical and surgical advice, aid and treatment to persons afflicted with maladies, deformities or infirmities.

(b)     to establish, operate and maintain a hospice pursuant to Article 40 of the Public Health law; and

(c)     to benefit, promote, support, by gift or otherwise, the qualifying religious, charitable and educational works operated by or in connection with the Missionary Sisters of the Sacred Heart of Jesus, Stella Maris Province, a religious institute of women of the Roman Catholic Church which is exempt from federal income taxation under Section 501(c)(3) of the Code.

The Members, Trustees and officers of the Corporation shall carry out these purposes in accord with the teachings and law of the Roman Catholic Church including the Ethical and Religious Directives for Catholic Healthcare Facilities as promulgated by the United States Conference of Catholic Bishops as amended from time to time and as interpreted by the Bishop of the Diocese in which this Corporation pursues its purposes. Further, the Members, Trustees and officers shall fulfill these purposes in accord with the philosophy of the Missionary Sisters of the Sacred Heart as stated in the Mission Standards adopted and presented from time to time by the Members to the Trustees.

23.     Defendant respectfully states that the By-Laws are the best evidence of their own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and respectfully refers all matters of interpretation to the Court. Defendant denies the allegations as stated in Paragraph 23 of the Complaint, but admits that the By-Laws of CMC adopted on April 8, 2003 provide that the ex-officio Members of CMC shall be divided into classes as follows:

a.   Class A shall be comprised of that individual who holds the office of Provincial of the Missionary Sisters of the Sacred Heart of Jesus, Stella Maris Province or its canonical successor.

b.   Class B shall be comprised of those individuals who hold the office of Provincial Councilors of the Missionary Sisters of the Sacred Heart of Jesus, Stella Maris Province or its canonical successor.

Defendant also admits that the By-Laws permit the "Ex-Officio Members (Class A and Class B members) to appoint Class C members on majority vote which may include non-council members of the Missionary Sisters of the Sacred Heart of Jesus, Stella Maris Province or its canonical successor.

24.     Defendant respectfully states that the By-Laws are the best evidence of their own terms and respectfully refers the Court to such document for a full and complete statement of the

contents thereof and respectfully refers all matters of interpretation to the Court. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies that allegations as stated in Paragraph 25 of the Complaint, but admits that members of the Missionary Institute have been employed by CMC in various positions, including as nurses and administrative staff.

26.     Defendant admits that Medicare/Medicaid program began in or around July of 1966.  Defendant admits that CMC was reimbursed for a portion of certain of its expenses from the Medicare/Medicaid program, including CMC expenses for certain compensation for members of the Missionary Institute that were employed by CMC.  Defendant denies that Defendant or MSSH – ILL, as not-for-profit corporate entities, are part of a "religious order" as alleged in Paragraph 26 of the Complaint.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 26 of the Complaint.

27.     Defendant denies that Defendant or MSSH – ILL, as not-for-profit corporate entities, are part of a "religious order" as alleged in Paragraph 26 of the Complaint.  Further, Defendant denies the foundation for or understanding of the definition of "Reimbursement Swaps" and on that basis, denies all allegations, which refer to or include the term Reimbursement Swaps.  Defendant denies knowledge sufficient to for a belief as to the truth of the remaining allegations as stated in Paragraph 27 of the Complaint.

28.     Defendant denies the foundation for or understanding of the definition of "Reimbursement Swaps" and its continued use in Paragraph 28 and on that basis, denies all allegations, which refer to or include the term Reimbursement Swaps.  Defendant denies

knowledge sufficient to for a belief as to the remaining allegations as stated in Paragraph 28 of the Complaint.

29.     Defendant denies the foundation for or understanding of the definition of "Reimbursement Swaps" and its continued use in Paragraph 29 and on that basis, denies all allegations, which refer to or include the term Reimbursement Swaps.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 29 of the Complaint.

30.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 30 of the Complaint.

31.     Defendant denies that allegations as stated in Paragraph 31 of the Complaint, but admits that effective as of January 1, 1983, CMC was indebted to MSSH-ILL in the amount of $31,079,792 and that such indebtedness was unsecured as of such date.  Defendant denies the foundation for or understanding of the definition of "Reimbursement Swaps" and its continued use in Paragraph 31, and on that basis, denies all allegations, which refer to or include the term Reimbursement Swaps.

32.     Defendant denies the allegations as stated in Paragraph 32 of the Complaint, but admits that Defendant is party to a certain Release Agreement dated November 9, 1983 (the "Release Agreement").  Defendant respectfully states that the Release Agreement is the best evidence of its own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and for interpretation of any term therein. To the extent the allegations as stated in Paragraph 32 of the Complaint do not pertain to Defendant, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Defendant denies the remaining allegations as stated in Paragraph 32.

33.     On the assumption that the Plaintiff is referring to the Release Agreement defined above in response to Paragraph 32 in this Paragraph 33, Defendant respectfully states that the Release Agreement is the best evidence of its own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and respectfully refers all matters of interpretation of the terms therein to the Court.  Defendant admits that the Release Agreement restructured the indebtedness owed to MSSH-ILL into a "Construction Loan" and a "Working Capital Loan".  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 33 of the Complaint.

34.     Defendant admits that, as part of the Release Agreement, the portion of the prior indebtedness owed to MSSH-ILL in the form of a "Construction Loan" was evidenced by a promissory note entitled "1983 Substituted Note, Series Two" and that said note was unsecured upon issuance.  The Defendant respectfully states that the Release Agreement is the best evidence of its own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and interpretation of the issues therein.  Defendant denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Defendant admits that the 1983 Substituted Note, Series Two states that it is a demand note and that interest should be paid to MSSH-ILL monthly based on the "prime rate of interest" as set by Chemical Bank.

36.     Defendant admits that the Restated Loan Agreement and the 1983 Substituted Note, Series Two state that even though the principal is payable upon demand, MSSH-ILL agreed with CMC that demand for payment of the principal balance would not be exercised before the earlier of the dates on which (i) CMC has paid the mortgage loan evidenced by the Mortgage Note dated May 15, 1971 to the New York State Housing Financing Agency (the

"HFA") or (ii) the terms of a certain subordination agreement with HFA were modified to permit such payment of principal.

37.      Defendant denies knowledge sufficient to form a belief as to the meaning of the undefined capitalized term "HFA Mortgage Note" and on that basis denies all allegations referring to or containing the terms "HFA Mortgage Note".  Defendant admits that senior secured indebtedness owed to the HFA was retired by CMC through a refinancing of indebtedness by CMC in or about July 2005. Defendant denies knowledge or information sufficient to form a belief as the truth of the remaining allegations as stated in Paragraph 37.

38.      Defendant denies knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.      Defendant respectfully states that the Release Agreement is the best evidence of its own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof.  Notwithstanding the foregoing, Defendant admits that, as part of the Release Agreement, the portion of the prior indebtedness owed to MSSH-ILL in the form of a "Working Capital Loan" was evidenced by a promissory note entitled "1983 Substituted Note, Series One" and that said note was unsecured upon issuance.  Defendant further admits that the 1983 Substituted Note, Series One by its terms was effective January 1, 1983 and evidenced an indebtedness owed to MSSH-ILL in the amount of $23,178,491 which indebtedness would not bear interest.  Defendant also admits that the 1983 Substituted Note, Series One stated that CMC promised to pay the principal on December 31, 1985.   Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations as stated in Paragraph 39.

40.     Defendant respectfully states that the Restated Loan Agreement is the best evidence of its own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and respectfully refers all matters of interpretation of the Restated Loan Agreement to the Court.  Notwithstanding the foregoing, Defendant admits that the Restated Loan Agreement specifically states that "Cabrini, MSSH-LL, and MSSH-NY agree that if Cabrini cannot pay the principal balance due on 1983 Substituted Note, Series One on December 31, 1985, MSSH-ILL will not resort to means of enforcement which will in any way be injurious to Cabrini but will consider appropriate extensions of the maturity of the 1983 Substituted Note, Series One." Defendant denies the remaining allegations contained in Paragraph 40.

41.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 41, but admits that it is aware that on or about April 17, 1985, CMC issued and delivered the 1985 Substituted Note, Series One in the principal amount of $19,651,575 (the "1985 Substituted Note") to MSSH-ILL as referenced in that certain Agreement dated January 1, 1987 among CMC, Defendant and MSSH-ILL (the "Agreement").

42.     Defendant admits that it is aware of a certain document entitled Assignment, Acceptance and Consent to Assignment dated September 23, 1985 (the "Polyclinic Assignment"), whereby, as referenced in the Agreement, MSSH-ILL agreed to, among other things, reduce the amount due under the 1985 Substituted Note by $2,934,261 and accept assignment from CMC of certain indebtedness in the same amount owed to CMC by Stuyvesant Polyclinic.

43.     Defendant admits that on or about January 1, 1987, CMC, Defendant and MSSH-ILL entered into the Agreement by which, among other things, CMC transferred the real estate

located at 444 Hope Chapel Road, Lakewood, New Jersey to MSSH-ILL and MSSH-ILL agreed to reduce the amount owed under the 1985 Substituted Note by $3,000,000. Defendant further admits that CMC issued that certain "1987 Substituted Note, Series One" dated as of January 1, 1987 to MSSH-ILL in the principal amount of $13,717,314. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43.

44. Defendant admits that the Agreement states that "MSSH-ILL shall not, if Cabrini cannot pay the principal balance due on 1987 Substituted Note, Series One on or before December 31, 1990, resort to means of enforcement which will in any way be injurious to Cabrini, but will consider appropriate extensions of the maturity of the 1987 Substituted Note, Series One."

45. Defendant admits that on or about January 1, 1987, CMC issued and delivered the 1987 Substituted Note, Series One which reflected the reduction in principal as set forth in the Agreement to $13,717,314 and extended the maturity date to December 31, 1990. Defendant further admits that the 1987 Substituted Note was unsecured upon issuance. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in paragraph 45.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 46 of the Complaint.

47. Defendant admits that on or about December 22, 1994, Defendant, MSSH-ILL and Cabrini Development Council ("CDC") entered into the Property Exchanges and Loan Reduction Agreement (the "Property Exchange Agreement"). Defendant respectfully states that the Property Exchange Agreement is the best evidence of its own terms and respectfully refers

the Court to such document for a full and complete statement of the contents thereof and interpretation of the issues therein. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 47 of the Complaint

48.     Defendant admits that on December 31, 1994, Defendant, MSSH-ILL and CDC entered in the Modification Agreement (the "Modification Agreement"). Defendant respectfully states that the Modification Agreement is the best evidence of its own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and interpretation of the issues therein. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations as stated in Paragraph 49 of the Complaint, but admits that CDC was organized to receive, hold and disburse property and money for the use and benefit of CMC and St. Cabrini Nursing Home, Inc. Defendant denies the remaining allegations stated in Paragraph 49 of the Complaint.

50.     Defendant admits that pursuant to the Second Restated Loan Agreement, effective December 31, 1994, between CMC, Defendant and MSSH-ILL , CMC issued and delivered the 1994 Substituted Note, Series One (the "1994 Substituted Note") in the principal amount of $13,617,313.

51.     Defendant admits that by its terms, the 1994 Substituted Note adopted the terms of the 1983 Substituted Note, Series One. Defendant denies knowledge sufficient to form a belief as to the remaining allegations as stated in paragraph 51 of the Complaint.

52.     Defendant denies knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53.     Defendant denies knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54.     Defendant admits that on April 1, 1982 Stuyvesant Polyclinic issued that certain Mortgage Note in the name of Defendant in the principal amount of $1,281,500, to be paid on April 1, 1986 (the "1982 Stuyvesant Mortgage Note").  Defendant admits that the 1982 Stuyvesant Mortgage Note stated that it was to bear annual interest of 16.5% payable on April 1, 1983 and annually thereafter.  Defendant denies knowledge sufficient to form a belief as to the remaining allegations contained in paragraph 54 of the Complaint.

55.     Defendant admits the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant admits that on or about December 5, 1984 Stuyvesant Polyclinic issued a  Mortgage Note to MSSH-ILL for the same principal amount as the 1982 Stuyvesant Mortgage Note, but at an annual interest rate of 8% (the "1984 Stuyvesant Mortgage Note").  Defendant admits that the 1984 Stuyvesant Mortgage Note was made payable on December 31, 1993 and was intended by Stuyvesant Polyclinic to replace the 1982 Stuyvesant Mortgage Note.

57.     Defendant denies knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 58 of the Complaint.

59.     Defendant admits that it is aware of the Polyclinic Assignment, whereby, as referenced in the Agreement, MSSH-ILL agreed to, among other things, reduce the amount due under the 1985 Substituted Note by $2,934,261 and accept assignment from CMC of certain

indebtedness in the same amount owed to CMC by Stuyvesant Polyclinic. Defendant denies knowledge sufficient to form a belief as to the truth of the remaining allegations as stated in paragraph 59 of the Complaint.

60. Defendant denies knowledge sufficient to form a belief as to the truth of the allegations as stated in paragraph 60 of the Complaint.

61. Defendant denies knowledge sufficient to form a belief as to the truth of the allegations as contained in Paragraph 61 of the Complaint, but admits it is aware of the Polyclinic Assignment.

62. Defendant denies knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64. Defendant admits the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66. Defendant admits that Defendant and CMC entered into the Consolidated, Amended and Restated Promissory Note in the principal amount of $19.2 million on or about August 19, 2004 (the "2004 Promissory Note"). Defendant respectfully states that the 2004 Promissory Note is the best evidence of its own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and respectfully refers all matters of interpretation of the terms of the 2004 Promissory Note to the Court. Notwithstanding the foregoing, Defendant denies the remaining allegations as stated in Paragraph 66 of the Complaint.

67.     Defendant respectfully states that the 2004 Promissory Note is the best evidence of its own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and respectfully refers all matters of interpretation of the terms of the 2004 Promissory Note to the Court.  Notwithstanding the foregoing, Defendant denies the allegations as stated in Paragraph 67 of the Complaint, but admits that the 2004 Promissory Note consolidated certain indebtedness by its terms.

68.     Defendant denies the allegations as stated in Paragraph 68 of the Complaint, but admits that NorthMarq Capital served as broker for a loan by Defendant under which loan Defendant borrowed $19.2 million from Federal Home Loan Mortgage Corporation.  Defendant further admits that the funds it obtained from Federal Home Loan Mortgage Corporation enabled Defendant to loan the funds to the Debtor as evidenced by the 2004 Promissory Note.

69.     Defendant denies the allegations as stated in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations as stated in Paragraph 70 of the Complaint, but admits that CMC was borrower and obligor under a certain note dated October 9, 2001, made payable to Defendant in the principal amount of $13,500,000 (the "2001 Promissory Note").

71.     Defendant denies the allegations as stated in Paragraph 71 of the Complaint, but admits that Defendant and CMC are parties to a relending agreement dated as of October 9, 2001 and that CMC issued the 2001 Promissory Note to Defendant in connection with the relending agreement.

72.     Defendant denies the allegations as stated in Paragraph 72 of the Complaint, but admits that proceeds of the 2004 Promissory Note were used to pay certain debts of CMC, including the 2001 Promissory Note, fees and costs typical of such a transaction.

73.     Defendant denies the allegations as stated in Paragraph 73 of the Complaint, but admits that the 2004 Promissory Note provides for amortization over 30 years with a term of 10 years (the first 9 of which are at a fixed rate).  In addition, the Defendant respectfully states that the 2004 Promissory Note is the best evidence of its own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and respectfully refers all matters of interpretation of the terms of the 2004 Promissory Note to the Court.

74.     Defendant admits the allegations contained in Paragraph 74 of the Complaint.

75.     To the extent the allegations as stated in Paragraph 75 of the Complaint do not pertain to Defendant, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Defendant denies the remaining allegations as stated in Paragraph 75 of the Complaint, but admits that the securing of its indebtedness induced Defendant to consent to the Sun Life refinancing proposed by CMC.

76.     Defendant denies the allegations as stated in Paragraph 76 of the Complaint, but admits that Defendant's loans identified in the Intercreditor Agreement dated July 27, 2005 between Defendant, MSSH-ILL and CMC were stated to be unsecured with respect to CMC's "land and improvements."

77.     Defendant admits the allegations contained in Paragraph 77 of the Complaint, but denies knowledge and understanding of the footnote to same.

78.     Defendant admits that it is aware of the Subordinate Mortgage and Security Agreement, dated July 27, 2005 (the "MSSH-ILL Mortgage"), but denies knowledge or information sufficient to form a belief as to the remaining allegations as stated in Paragraph 78 of the Complaint.

79.     Defendant denies knowledge or information sufficient to form a belief as to which "mortgage of Sun Life" the Plaintiff refers to in Paragraph 79 and on that basis denies the allegations as stated in Paragraph 79 of the Complaint.   In addition, the Defendant respectfully states that the MSSH-ILL Mortgage is the best evidence of its own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and respectfully refers all matters of interpretation to the Court.

80.     Defendant respectfully states that the MSSH-ILL Mortgage is the best evidence of its own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and respectfully refers all matters of the interpretation of the terms of the MSSH-ILL Mortgage to the Court.  Without adopting the definitions for all purposes, Defendant admits that the MSSH-ILL Mortgage secures the enumerated indebtedness.

81.     Defendant admits that on July 27, 2005, CMC and Defendant entered into that certain Subordinate Mortgage and Security Agreement, dated July 27, 2005 (the "MSSH-NY Mortgage") to secure certain enumerated indebtedness.  The Defendant respectfully states that the MSSH-NY Mortgage is the best evidence of its own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and respectfully refers all matters of the interpretation of the terms of the MSSH-NY Mortgage to the Court. Defendant denies the remaining allegations as stated in Paragraph 81 of the Complaint.

82.     Defendant denies knowledge or information sufficient to form a belief as to which "mortgage of Sun Life" the Plaintiff refers to in Paragraph 82 and on that basis denies the remaining allegations as stated in Paragraph 82 of the Complaint. The Defendant respectfully states that the MSSH-NY Mortgage is the best evidence of its own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and

respectfully refers all matters of the interpretation of the terms of the MSSH-NY Mortgage to the Court.

83.     The Defendant respectfully states that the MSSH-NY Mortgage is the best evidence of its own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and respectfully refers all matters of the interpretation of the terms of the MSSH-NY Mortgage to the Court.  Defendant denies the allegations as stated in Paragraph 83, but admits that the MSSH-NY Mortgage currently secures the 2004 Promissory Note and any other enumerated debt owing to Defendant that remains outstanding.

84.     Defendant admits the allegations contained in Paragraph 84 of the Complaint.

85.      Defendant respectfully states that the 2007 Promissory Note (as defined in Paragraph 84 of the Complaint) is the best evidence of its own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and respectfully refers all matters of interpretation of the terms of the 2007 Promissory Note to the Court. Notwithstanding the foregoing, Defendant admits that the "Maturity Date" as defined in the 2007 Promissory Note is May 1, 2008 and that the 2007 Promissory Note bears interest at the rate of 7% per annum Defendant also admits that commencing on June 1, 2007, monthly payments of $103,832.10 were to be paid until the Maturity Date.  Defendant denies the remaining allegations as stated in Paragraph 85 of the Complaint.

86.     Defendant admits the allegations contained in Paragraph 86 of the Complaint.

87.     Defendant denies the allegations as stated in Paragraph 87 of the Complaint, but admits that CMC issued an Amended and Restated Revolving Loan Note dated April 17, 2007 (the "2007 Revolving Loan Note") to Defendant that amends and restates prior obligations owing by CMC to Defendant in the amount of $3,000,000.

88. Defendant denies the allegations as stated in Paragraph 88, but admits that the 2007 Revolving Loan Note states that: "Payments of all accrued interest on outstanding principal of Prime Rate Loans made under the Revolving Loan will be due on the first day of each month. All accrued unpaid interest costs and fees shall become due on the Revolving Maturity Date (whether by acceleration or otherwise)."

89. Defendant admits the allegations contained in Paragraph 89 of the Complaint.

90. Defendant denies the allegations as stated in Paragraph 90 of the Complaint, but admits that Defendant provided CMC with various loans or other extensions of credit during the period between December 2007 and July 2008.

91. Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92. Defendant admits the allegations contained in Paragraph 92 of the Complaint.

93. Defendant respectfully states that the Schedules are the best evidence of their own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and respectfully refers all matters of interpretation of the terms of the Schedules to the Court. Notwithstanding the foregoing, Defendant admits that the Debtor has scheduled MSSH-ILL as having a $33,033,478.86 secured claim.

94. Defendant respectfully states that the Schedules are the best evidence of their own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and respectfully refers all matters of interpretation of the terms of the Schedules to the Court. Notwithstanding the foregoing, Defendant admits that the Debtor has scheduled Defendant as having an $18,739,814 secured claim pursuant to the MSSH-NY Mortgage.

95. Defendant admits the allegations contained in Paragraph 95 of the Complaint.

96. Defendant admits that the Debtor has scheduled Defendant as having an unsecured claim in the amount of $6,385,979.

97. Defendant admits the allegations contained in Paragraph 97 of the Complaint.

98. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 98 of the Complaint.

99. Defendant denies the allegations as stated in Paragraph 99 of the Complaint, but admits that Defendant received the transfers identified and defined as the "Avoidable Transfers" on or about the dates identified in Paragraph 99 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Recharacterization of the 1983 Substituted Note, Series Two)**

100. With respect to Paragraph 100 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 99 of the Complaint as if set forth in full here.

101. Defendant states that no response is required to the allegations contained in Paragraph 101 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

102. Defendant states that no response is required to the allegations contained in Paragraph 102 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

103. Defendant states that no response is required to the allegations contained in Paragraph 103 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

104. Defendant states that no response is required to the allegations contained in Paragraph 104 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

105.     Defendant states that no response is required to the allegations contained in Paragraph 105 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

106.     Defendant states that no response is required to the allegations contained in Paragraph 106 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

107.     Defendant states that no response is required to the allegations contained in Paragraph 107 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

108.     Defendant states that no response is required to the allegations contained in Paragraph 108 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

109.     Defendant states that no response is required to the allegations contained in Paragraph 109 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

110.     Defendant states that no response is required to the allegations contained in Paragraph 110 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

111.     Defendant states that no response is required to the allegations contained in Paragraph 111 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

112.     Defendant states that no response is required to the allegations contained in Paragraph 112 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

113.     Defendant states that no response is required to the allegations contained in Paragraph 113 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

114.     Defendant states that no response is required to the allegations contained in Paragraph 114 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL.  Otherwise, Defendant denies the allegations as stated in Paragraph 114 of the Complaint.

115.     Defendant states that no response is required to the allegations contained in Paragraph 115 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

116.     Defendant states that no response is required to the allegations contained in Paragraph 116 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

## SECOND CAUSE OF ACTION
### (Recharacterization of the 1994 Substituted Note)

117.     With respect to Paragraph 117 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 116 of the Complaint as if set forth in full here.

118.     Defendant states that no response is required to the allegations contained in Paragraph 118 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

119.     Defendant states that no response is required to the allegations contained in Paragraph 119 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

120.     Defendant states that no response is required to the allegations contained in Paragraph 120 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

121.     Defendant states that no response is required to the allegations contained in Paragraph 121 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

122.     Defendant states that no response is required to the allegations contained in Paragraph 122 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

123.     Defendant states that no response is required to the allegations contained in Paragraph 123 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

124.     Defendant states that no response is required to the allegations contained in Paragraph 124 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

125.     Defendant states that no response is required to the allegations contained in Paragraph 125 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

126.     Defendant states that no response is required to the allegations contained in Paragraph 126 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

127.     Defendant states that no response is required to the allegations contained in Paragraph 127 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

128.     Defendant states that no response is required to the allegations contained in Paragraph 128 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

129.     Defendant states that no response is required to the allegations contained in Paragraph 129 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

130.     Defendant states that no response is required to the allegations contained in Paragraph 130 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

131.     Defendant states that no response is required to the allegations contained in Paragraph 131 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

132.     Defendant states that no response is required to the allegations contained in Paragraph 132 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

133.    Defendant states that no response is required to the allegations contained in Paragraph 133 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

### THIRD CAUSE OF ACTION
### (Recharacterization of the 1984 Stuyvesant Mortgage Note)

134.    With respect to Paragraph 134 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 133 of the Complaint as if set forth in full here.

135.    Defendant states that no response is required to the allegations contained in Paragraph 135 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

136.    Defendant states that no response is required to the allegations contained in Paragraph 136 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

137.    Defendant states that no response is required to the allegations contained in Paragraph 137 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

138.    Defendant states that no response is required to the allegations contained in Paragraph 138 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

139.    Defendant states that no response is required to the allegations contained in Paragraph 139 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

140.     Defendant states that no response is required to the allegations contained in Paragraph 140 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

141.     Defendant states that no response is required to the allegations contained in Paragraph 141 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

142.     Defendant states that no response is required to the allegations contained in Paragraph 142 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

143.     Defendant states that no response is required to the allegations contained in Paragraph 143 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

144.     Defendant states that no response is required to the allegations contained in Paragraph 144 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

145.     Defendant states that no response is required to the allegations contained in Paragraph 145 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

146.     Defendant states that no response is required to the allegations contained in Paragraph 146 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

147.     Defendant states that no response is required to the allegations contained in Paragraph 147 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

148.     Defendant states that no response is required to the allegations contained in Paragraph 148 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

149.     Defendant states that no response is required to the allegations contained in Paragraph 149 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

150.     Defendant states that no response is required to the allegations contained in Paragraph 150 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

151.     Defendant states that no response is required to the allegations contained in Paragraph 151 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

## FOURTH CAUSE OF ACTION
### (Recharacterization of the Assigned Stuyvesant Amounts and Related Secured Demand Note)

152.     With respect to Paragraph 152 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 151 of the Complaint as if set forth in full here.

153.     Defendant states that no response is required to the allegations contained in Paragraph 153 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

154.     Defendant states that no response is required to the allegations contained in Paragraph 154 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

155.     Defendant states that no response is required to the allegations contained in Paragraph 155 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

156.     Defendant states that no response is required to the allegations contained in Paragraph 156 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

157.     Defendant states that no response is required to the allegations contained in Paragraph 157 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

158.     Defendant states that no response is required to the allegations contained in Paragraph 158 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

159.     Defendant states that no response is required to the allegations contained in Paragraph 159 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

160.     Defendant states that no response is required to the allegations contained in Paragraph 160 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

161.     Defendant states that no response is required to the allegations contained in Paragraph 161 of the Complaint to the extent they relate solely to the instant cause of action

against MSSH-ILL.  Otherwise, Defendant denies the remaining allegations contained in Paragraph 161 of the Complaint.

162.    Defendant states that no response is required to the allegations contained in Paragraph 162 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

163.    Defendant states that no response is required to the allegations contained in Paragraph 163 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

## FIFTH CAUSE OF ACTION
### (Recharacterization of the 2004 Promissory Note)

164.    With respect to Paragraph 164 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 163 of the Complaint as if set forth in full here.

165.    Defendant denies the allegations as stated in Paragraph 165 of the Complaint.

166.    Defendant denies the allegations as stated in Paragraph 166 of the Complaint.

167.    Defendant denies the allegations as stated in Paragraph 167 of the Complaint.

168.    Defendant denies the allegations as stated in Paragraph 168 of the Complaint.

169.    Defendant denies the allegations as stated in Paragraph 169 of the Complaint, but admits that during certain periods, certain individuals simultaneously served as both officers of MSSH-NY and as ex-officio members (as such term is defined in the bylaws) of CMC.

170.    Defendant denies the allegations as stated in Paragraph 170 of the Complaint.

171.    To the extent the allegations as stated in Paragraph 171 of the Complaint do not pertain to Defendant, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations. Defendant admits that the identified audit reports state, among

other things, the limited quotes referenced in Paragraph 171 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 171 of the Complaint.

172.     Defendant respectfully states that the MSSH-NY Mortgage is the best evidence of its own terms and respectfully refers the Court to such document for a full and complete statement of the contents thereof and respectfully refers all matters of the interpretation of the terms of the MSSH-NY Mortgage to the Court. Defendant denies the allegations as stated in Paragraph 172 of the Complaint, but admit that such note has been subordinated to certain obligations of CMC to Sun Life.

173.     Defendant denies the allegations as stated in Paragraph 173 of the Complaint.

174.     Defendant denies knowledge or information sufficient to form a belief as to the meaning or accuracy of the phrase "only netted" in Paragraph 174 of the Complaint. Notwithstanding the foregoing, Defendant denies the remaining allegations as stated in Paragraph 174 of the Complaint.

175.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 of the Complaint.

176.     Defendant denies the allegations contained in Paragraph 176 of the Complaint.

177.     Defendant denies the allegations as stated in Paragraph 177 of the Complaint.

## SIXTH CAUSE OF ACTION
### (Recharacterization of the MSSH-NY Unsecured Claims)

178.     With respect to Paragraph 178 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 177 of the Complaint as if set forth in full here.

179.     Defendant denies the allegations as stated in Paragraph 179 of the Complaint.

180.     Defendant denies the allegations as stated in Paragraph 180 of the Complaint.

181.     Defendant denies the allegations as stated in Paragraph 181 of the Complaint, but denies knowledge or understanding of the meaning of the phrase "significant amount" and on that basis, also denies knowledge or information sufficient to form a belief as to the truth of allegations associated with that phrase.

182.     To the extent the allegations as stated in Paragraph 182 of the Complaint do not pertain to Defendant, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations. Defendant admits that the identified audit reports state, among other things, the limited quotes referenced in Paragraph 182 of the Complaint.  Defendant denies the remaining allegations as stated in Paragraph 182 of the Complaint.

183.     Defendant denies the allegations as stated in Paragraph 183 of the Complaint, but admits that Defendant made loans and other extensions of credit to CMC following the Berger Commissions report becoming final.  Defendant further admits that CMC had presented Defendant with more than one strategic plan for restructuring and/or transforming the operations of CMC as an acute care facility both prior to and following the Berger Commissions report.

184.     Defendant denies the allegations as stated in Paragraph 184 of the Complaint, but admits that during certain periods, certain individuals simultaneously served as both officers of MSSH-NY and as ex-officio members (as such term is defined in the bylaws) of CMC.

185.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 185 of the Complaint.

186.     Defendant denies the allegations as stated in Paragraph 186 of the Complaint.

187.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 187 of the Complaint.

188.     Defendant denies the allegations as stated in Paragraph 188 of the Complaint.

189.     To the extent the allegations as stated in Paragraph 189 of the Complaint do not pertain to Defendant, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations. Defendant denies the remaining allegations as stated in Paragraph 189 of the Complaint.

190.     Defendant denies the allegations as stated in Paragraph 190 of the Complaint.

**SEVENTH CAUSE OF ACTION**
**(Cancellation of MSSH-ILL and MSSH-NY's Liens)**

191.     With respect to Paragraph 191 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 190 of the Complaint as if set forth in full here.

192.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 192 of the Complaint.

193.     Defendant denies the allegations as stated in Paragraph 193 of the Complaint.

194.     Defendant denies the allegations as stated in Paragraph 194 of the Complaint.

## EIGHTH CAUSE OF ACTION
### (Duplicative Claims)

195.     With respect to Paragraph 195 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 194 of the Complaint as if set forth in full here.

196.     Defendant states that no response is required to the allegations contained in Paragraph 196 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

197.     Defendant states that no response is required to the allegations contained in Paragraph 197 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

198.     Defendant states that no response is required to the allegations contained in Paragraph 198 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

## NINTH CAUSE OF ACTION
### (Declaring the Allied Irish Loan Guarantee Not to be a Claim Against CMC)

199.     With respect to Paragraph 199 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 198 of the Complaint as if set forth in full here.

200.     Defendant states that no response is required to the allegations contained in Paragraph 200 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

201.     Defendant states that no response is required to the allegations contained in Paragraph 201 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

202.    Defendant states that no response is required to the allegations contained in Paragraph 202 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

203.    Defendant states that no response is required to the allegations contained in Paragraph 203 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

## TENTH CAUSE OF ACTION
### (Equitable Subordination Pursuant to
### 11  U.S.C. § 510(c) of the 1983 Substituted Note, Series Two)

204.    With respect to Paragraph 204 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 203 of the Complaint as if set forth in full here.

205.    Defendant states that no response is required to the allegations contained in Paragraph 205 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

206.    Defendant states that no response is required to the allegations contained in Paragraph 206 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

207.    Defendant states that no response is required to the allegations contained in Paragraph 207 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

208.    Defendant states that no response is required to the allegations contained in Paragraph 208 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

209.     Defendant states that no response is required to the allegations contained in Paragraph 209 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL.  Otherwise, Defendant admits that Defendant did intend to and did acquire the protections of debt in its debtor/creditor relationships with CMC.  Defendant denies the remaining allegations as stated in Paragraph 209 of the Complaint.

210.     Defendant states that no response is required to the allegations contained in Paragraph 210 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

211.     Defendant states that no response is required to the allegations contained in Paragraph 211 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL.  Otherwise, Defendant denies knowledge or information as to the meaning of the phrase "taking the aforementioned actions" and on that basis and others, denies the remaining allegations as stated in Paragraph 211.

212.     Defendant states that no response is required to the allegations contained in Paragraph 212 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL.  Otherwise, Defendant denies knowledge or understanding as to the meaning of the phrase "after each transaction and action" and on that basis denies the allegations associated with that phrase.  Defendant denies the remaining allegations as stated in Paragraph 212 of the Complaint.

213.     Defendant states that no response is required to the allegations contained in Paragraph 213 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

214.	Defendant states that no response is required to the allegations contained in Paragraph 214 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

215.	Defendant states that no response is required to the allegations contained in Paragraph 215 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

216.	Defendant states that no response is required to the allegations contained in Paragraph 216 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

217.	Defendant states that no response is required to the allegations contained in Paragraph 217 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

218.	Defendant states that no response is required to the allegations contained in Paragraph 218 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

### ELEVENTH CAUSE OF ACTION
### (Equitable Subordination Pursuant to
### 11 U.S.C. § 510(c) of the 1994 Substituted Note)

219.	With respect to Paragraph 219 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 218 of the Complaint as if set forth in full here.

220.	Defendant states that no response is required to the allegations contained in Paragraph 220 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

221.     Defendant states that no response is required to the allegations contained in Paragraph 221 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

222.     Defendant states that no response is required to the allegations contained in Paragraph 222 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

223.     Defendant states that no response is required to the allegations contained in Paragraph 223 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

224.     Defendant states that no response is required to the allegations contained in Paragraph 224 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL.  Otherwise, Defendant admits that Defendant did intend to and did acquire the protections of debt in its debtor/creditor relationships with CMC, but denies the remaining allegations as stated in Paragraph 224 of the Complaint.

225.     Defendant states that no response is required to the allegations contained in Paragraph 225 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

226.     Defendant states that no response is required to the allegations contained in Paragraph 226 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL.  Otherwise, Defendant denies knowledge or information as to the meaning of the phrase "taking the aforementioned actions" and on that basis and others, denies the remaining allegations as stated in Paragraph 226.

227.     Defendant states that no response is required to the allegations contained in Paragraph 227 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL.  Otherwise, Defendant denies knowledge or understanding as to the meaning of the phrase "after each transaction and action" and on that basis denies the allegations associated with that phrase.  Defendant denies the remaining allegations as stated in Paragraph 227 of the Complaint.

228.     Defendant states that no response is required to the allegations contained in Paragraph 228 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

229.     Defendant states that no response is required to the allegations contained in Paragraph 229 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

230.     Defendant states that no response is required to the allegations contained in Paragraph 230 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

231.     Defendant states that no response is required to the allegations contained in Paragraph 231 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

232.     Defendant states that no response is required to the allegations contained in Paragraph 232 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

233.     Defendant states that no response is required to the allegations contained in Paragraph 233 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

### TWELFTH CAUSE OF ACTION
### (Equitable Subordination Pursuant to
### 11  U.S.C. § 510(c) of the 1984 Stuyvesant Mortgage Note)

234.     With respect to Paragraph 234 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 233 of the Complaint as if set forth in full here.

235.     Defendant states that no response is required to the allegations contained in Paragraph 235 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

236.     Defendant states that no response is required to the allegations contained in Paragraph 236 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

237.     Defendant states that no response is required to the allegations contained in Paragraph 237 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

238.     Defendant states that no response is required to the allegations contained in Paragraph 238 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

239.     Defendant states that no response is required to the allegations contained in Paragraph 239 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL.  Otherwise, Defendant admits that Defendant did intend to and did acquire

the protections of debt in its debtor/creditor relationships with CMC. Defendant denies the remaining allegations as stated in Paragraph 239 of the Complaint.

240. Defendant states that no response is required to the allegations contained in Paragraph 240 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

241. Defendant states that no response is required to the allegations contained in Paragraph 241 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL. Otherwise, Defendant denies knowledge or information as to the meaning of the phrase "taking the aforementioned actions" and on that basis and others, denies the remaining allegations as stated in Paragraph 241.

242. Defendant states that no response is required to the allegations contained in Paragraph 242 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL. Otherwise, Defendant denies knowledge or understanding as to the meaning of the phrase "after each transaction and action" and on that basis denies the allegations associated with that phrase. Defendant denies the remaining allegations contained in Paragraph 242 of the Complaint.

243. Defendant states that no response is required to the allegations contained in Paragraph 243 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

244. Defendant states that no response is required to the allegations contained in Paragraph 244 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

245.     Defendant states that no response is required to the allegations contained in Paragraph 245 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

246.     Defendant states that no response is required to the allegations contained in Paragraph 246 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

247.     Defendant states that no response is required to the allegations contained in Paragraph 247 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

248.     Defendant states that no response is required to the allegations contained in Paragraph 248 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

**THIRTEENTH CAUSE OF ACTION**
**(Equitable Subordination Pursuant to**
**11  U.S.C. § 510(c) of the Assigned Stuyvesant Claim)**

249.     With respect to Paragraph 249 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 248 of the Complaint as if set forth in full here.

250.     Defendant states that no response is required to the allegations contained in Paragraph 250 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

251.     Defendant states that no response is required to the allegations contained in Paragraph 251 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

252.     Defendant states that no response is required to the allegations contained in Paragraph 252 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

253.     Defendant states that no response is required to the allegations contained in Paragraph 253 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

254.     Defendant states that no response is required to the allegations contained in Paragraph 254 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL.  Otherwise, Defendant admits that Defendant did intend to and did acquire the protections of debt in its debtor/creditor relationships with CMC, but denies the remaining allegations as stated in Paragraph 254 of the Complaint.

255.     Defendant states that no response is required to the allegations contained in Paragraph 255 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

256.     Defendant states that no response is required to the allegations contained in Paragraph 256 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL.  Otherwise, Defendant denies knowledge or information as to the meaning of the phrase "taking the aforementioned actions" and on that basis and others, denies the remaining allegations as stated in Paragraph 256.

257.     Defendant states that no response is required to the allegations contained in Paragraph 257 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL.  Otherwise, Defendant denies knowledge or understanding as to the meaning of the phrase "after each transaction and action" and on that basis denies the allegations

associated with that phrase. Defendant denies the remaining allegations as stated in Paragraph 257 of the Complaint.

258. Defendant states that no response is required to the allegations contained in Paragraph 258 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

259. Defendant states that no response is required to the allegations contained in Paragraph 259 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

260. Defendant states that no response is required to the allegations contained in Paragraph 260 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

261. Defendant states that no response is required to the allegations contained in Paragraph 261 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

262. Defendant states that no response is required to the allegations contained in Paragraph 262 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

263. Defendant states that no response is required to the allegations contained in Paragraph 263 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

## FOURTEENTH CAUSE OF ACTION
### (Equitable Subordination Pursuant to
### 11 U.S.C. § 510(c) of the Allied Irish Bank Guarantee)

264.    With respect to Paragraph 264 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 263 of the Complaint as if set forth in full here.

265.    Defendant states that no response is required to the allegations contained in Paragraph 265 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

266.    Defendant states that no response is required to the allegations contained in Paragraph 266 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

267.    Defendant states that no response is required to the allegations contained in Paragraph 267 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

268.    Defendant states that no response is required to the allegations contained in Paragraph 268 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

269.    Defendant states that no response is required to the allegations contained in Paragraph 269 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL.  Otherwise, Defendant admits that Defendant did intend to and did acquire the protections of debt in its debtor/creditor relationships with CMC, but denies the remaining allegations as stated in Paragraph 269 of the Complaint.

270.     Defendant states that no response is required to the allegations contained in Paragraph 270 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

271.     Defendant states that no response is required to the allegations contained in Paragraph 271 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL.  Otherwise, Defendant denies knowledge or information as to the meaning of the phrase "taking the aforementioned actions" and on that basis and others, denies the remaining allegations as stated in Paragraph 271.

272.     Defendant states that no response is required to the allegations contained in Paragraph 272 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL.  Otherwise, Defendant denies knowledge or understanding as to the meaning of the phrase "after each transaction and action" and on that basis denies the allegations associated with that phrase.  Defendant denies the remaining allegations as stated in Paragraph 272 of the Complaint.

273.     Defendant states that no response is required to the allegations contained in Paragraph 273 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

274.     Defendant states that no response is required to the allegations contained in Paragraph 274 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

275.     Defendant states that no response is required to the allegations contained in Paragraph 275 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

276.     Defendant states that no response is required to the allegations contained in

Paragraph 276 of the Complaint because they relate solely to the instant cause of action against

MSSH-ILL.

277.     Defendant states that no response is required to the allegations contained in

Paragraph 277 of the Complaint because they relate solely to the instant cause of action against

MSSH-ILL.

278.     Defendant states that no response is required to the allegations contained in

Paragraph 278 of the Complaint because they relate solely to the instant cause of action against

MSSH-ILL.

### FIFTEENTH CAUSE OF ACTION
### (Equitable Subordination Pursuant to
### 11  U.S.C. § 510(c) of the 2004 Promissory Note)

279.     With respect to Paragraph 279 of the Complaint, Defendant repeats and re-alleges

its responses to Paragraphs 1 through 278 of the Complaint as if set forth in full here.

280.     Defendant denies the allegations as stated in Paragraph 280 of the Complaint.

281.     Defendant denies the allegations as stated in Paragraph 281 of the Complaint.

282.     Defendant denies the allegations as stated in Paragraph 282 of the Complaint.

283.     Defendant denies the allegations as stated in Paragraph 283 of the Complaint.

284.     To the extent the allegations as stated in Paragraph 284 of the Complaint do not

pertain to Defendant, Defendant denies knowledge or information sufficient to form a belief as to

the truth of those allegations. Defendant admits that Defendant did intend to and did acquire the

protections of debt in its debtor/creditor relationships with CMC, but denies the remaining

allegations as stated in Paragraph 284 of the Complaint.

285.    Defendant admits that CMC required sufficient capitalization for the business in which it was engaged during any given period.  Deny the remaining allegations as stated in Paragraph 285 of the Complaint**.**

286.    To the extent the allegations as stated in Paragraph 286 of the Complaint do not pertain to Defendant, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Defendant denies knowledge or information as to the meaning of the phrase "taking the aforementioned actions" and on that basis and others, denies the remaining allegations as stated in Paragraph 286.

287.    To the extent the allegations as stated in Paragraph 287 of the Complaint do not pertain to Defendant, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations. Defendant denies knowledge or understanding as to the meaning of the phrase "after each transaction and action" and on that basis denies the allegations associated with that phrase.  Defendant denies the remaining allegations contained in Paragraph 287 of the Complaint.

288.    Defendant denies the allegations as stated in Paragraph 288 of the Complaint.

289.    Defendant denies the allegations as stated in Paragraph 289 of the Complaint.

290.    Defendant denies the allegations as stated in Paragraph 290 of the Complaint.

291.    Defendant denies the allegations as stated in Paragraph 291 of the Complaint.

292.    Defendant denies the allegations as stated in Paragraph 292 of the Complaint.

293.    Defendant denies the allegations as stated in Paragraph 293 of the Complaint.

## SIXTEENTH CAUSE OF ACTION
### (Equitable Subordination Pursuant to
### 11 U.S.C. § 510(c) of the MSSH-ILL Mortgage and Related Liens)

294.     With respect to Paragraph 294 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 293 of the Complaint as if set forth in full here.

295.     Defendant states that no response is required to the allegations contained in Paragraph 295 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

296.     Defendant states that no response is required to the allegations contained in Paragraph 295 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

297.     Defendant states that no response is required to the allegations contained in Paragraph 297 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

298.     Defendant states that no response is required to the allegations contained in Paragraph 298 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

299.     Defendant states that no response is required to the allegations contained in Paragraph 299 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL.  Otherwise, Defendant admits that Defendant did intend to and did acquire the protections of debt in its debtor/creditor relationships with CMC, but Defendant denies the remaining allegations as stated in Paragraph 299 of the Complaint.

300. Defendant states that no response is required to the allegations contained in Paragraph 300 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

301. Defendant states that no response is required to the allegations contained in Paragraph 301 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL. Otherwise, Defendant denies knowledge or information as to the meaning of the phrase "taking the aforementioned actions" and on that basis and others, denies the remaining allegations as stated in Paragraph 301.

302. Defendant states that no response is required to the allegations contained in Paragraph 302 of the Complaint to the extent they relate solely to the instant cause of action against MSSH-ILL. Otherwise, Defendant denies knowledge or understanding as to the meaning of the phrase "after each transaction and action" and on that basis denies the allegations associated with that phrase. Defendant denies the remaining allegations as stated in Paragraph 302 of the Complaint.

303. Defendant states that no response is required to the allegations contained in Paragraph 303 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

304. Defendant states that no response is required to the allegations contained in Paragraph 304 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

305. Defendant states that no response is required to the allegations contained in Paragraph 305 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

306.    Defendant states that no response is required to the allegations contained in Paragraph 306 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

307.    Defendant states that no response is required to the allegations contained in Paragraph 307 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

308.    Defendant states that no response is required to the allegations contained in Paragraph 308 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

## SEVENTEENTH CAUSE OF ACTION
### (Equitable Subordination Pursuant to
### 11 U.S.C. § 510(c) of the MSSH-NY Mortgage and Related Liens)

309.    With respect to Paragraph 309 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 308 of the Complaint as if set forth in full here.

310.    Defendant denies the allegations as stated in Paragraph 310 of the Complaint.

311.    Defendant denies the allegations as stated in Paragraph 311 of the Complaint.

312.    Defendant denies the allegations as stated in Paragraph 312 of the Complaint.

313.    Defendant denies the allegations as stated in Paragraph 313 of the Complaint.

314.    To the extent the allegations as stated in Paragraph 314 of the Complaint do not pertain to Defendant, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations. Defendant admits that Defendant did intend to and did acquire the protections of debt in its debtor/creditor relationships with CMC, but Defendant denies the remaining allegations as stated in Paragraph 314 of the Complaint.

315.    Defendant denies the allegations as stated in Paragraph 315 of the Complaint, admits that CMC required sufficient capitalization for the business in which it was engaged during any given period.

316.    To the extent the allegations as stated in Paragraph 316 of the Complaint do not pertain to Defendant, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations.  Defendant denies knowledge or information as to the meaning of the phrase "taking the aforementioned actions" and on that basis and others, denies the remaining allegations as stated in Paragraph 316.

317.    To the extent the allegations as stated in Paragraph 317 of the Complaint do not pertain to Defendant, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations. Defendant denies knowledge or understanding as to the meaning of the phrase "after each transaction and action" and on that basis denies the allegations associated with that phrase.  Defendant denies the remaining allegations as stated in Paragraph 317 of the Complaint.

318.    Defendant denies the allegations as stated in Paragraph 318 of the Complaint.

319.    Defendant denies the allegations as stated in Paragraph 319 of the Complaint.

320.    Defendant denies the allegations as stated in Paragraph 320 of the Complaint.

321.    Defendant denies the allegations as stated in Paragraph 321 of the Complaint.

322.    Defendant denies the allegations as stated in Paragraph 322 of the Complaint.

323.    Defendant denies the allegations as stated in Paragraph 323 of the Complaint.

## EIGHTEENTH CAUSE OF ACTION
## (Fraudulent Conveyance of the MSSH-ILL Mortgage)

324.     With respect to Paragraph 324 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 323 of the Complaint as if set forth in full here.

325.     Defendant states that no response is required to the allegations contained in Paragraph 325 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

326.     Defendant states that no response is required to the allegations contained in Paragraph 326 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

327.     Defendant states that no response is required to the allegations contained in Paragraph 327 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

328.     Defendant states that no response is required to the allegations contained in Paragraph 328 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

329.     Defendant states that no response is required to the allegations contained in Paragraph 329 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

330.     Defendant states that no response is required to the allegations contained in Paragraph 330 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

## NINETEENTH CAUSE OF ACTION
### (Fraudulent Conveyance of the MSSH-ILL Mortgage)

331. With respect to Paragraph 331 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 330 of the Complaint as if set forth in full here.

332. Defendant states that no response is required to the allegations contained in Paragraph 332 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

333. Defendant states that no response is required to the allegations contained in Paragraph 333 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

334. Defendant states that no response is required to the allegations contained in Paragraph 334 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

335. Defendant states that no response is required to the allegations contained in Paragraph 335 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

336. Defendant states that no response is required to the allegations contained in Paragraph 336 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

337. Defendant states that no response is required to the allegations contained in Paragraph 337 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

## TWENTIETH CAUSE OF ACTION
### (Fraudulent Conveyance of the MSSH-ILL Mortgage)

338. With respect to Paragraph 338 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 339 of the Complaint as if set forth in full here.

339. Defendant states that no response is required to the allegations contained in Paragraph 339 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

340. Defendant states that no response is required to the allegations contained in Paragraph 340 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

341. Defendant states that no response is required to the allegations contained in Paragraph 341 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

342. Defendant states that no response is required to the allegations contained in Paragraph 342 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

343. Defendant states that no response is required to the allegations contained in Paragraph 343 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

344. Defendant states that no response is required to the allegations contained in Paragraph 344 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

## TWENTY-FIRST CAUSE OF ACTION
### (Fraudulent Conveyance of the MSSH-ILL Mortgage)

345.     With respect to Paragraph 345 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 344 of the Complaint as if set forth in full here.

346.     Defendant states that no response is required to the allegations contained in Paragraph 345 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

347.     Defendant states that no response is required to the allegations contained in Paragraph 347 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

348.     Defendant states that no response is required to the allegations contained in Paragraph 348 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.


## TWENTY-SECOND CAUSE OF ACTION
### (Fraudulent Conveyance of the MSSH-NY Mortgage)

349.     With respect to Paragraph 349 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 348 of the Complaint as if set forth in full here.

350.     Defendant admits the allegations as stated in Paragraph 350 of the Complaint.

351.     To the extent the allegations as stated in Paragraph 351 of the Complaint do not pertain to Defendant, Defendant denies knowledge or information sufficient to form a belief as to

the truth of those allegations. Deny the remaining allegations as stated in Paragraph 351 of the Complaint.

352.    Defendant denies the allegations as stated in Paragraph 353 of the Complaint.

353.    Defendant denies the allegations as stated in Paragraph 354 of the Complaint.

354.    Defendant denies the allegations as stated in Paragraph 355 of the Complaint.

355.    Defendant denies the allegations as stated in Paragraph 356 of the Complaint.

## TWENTY-THIRD CAUSE OF ACTION
**(Fraudulent Conveyance of the MSSH-NY Mortgage)**

356.    With respect to Paragraph 356 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 355 of the Complaint as if set forth in full here.

357.    Defendant admits the allegations as stated in Paragraph 357 of the Complaint.

358.    Defendant denies the allegations as stated in Paragraph 358 of the Complaint.

359.    Defendant denies the allegations as stated in Paragraph 359 of the Complaint.

360.    Defendant denies the allegations as stated in Paragraph 360 of the Complaint.

361.    Defendant denies the allegations as stated in Paragraph 361 of the Complaint.

362.    Defendant denies the allegations as stated in Paragraph 362 of the Complaint.

## TWENTY-FOURTH CAUSE OF ACTION
**(Fraudulent Conveyance of the MSSH-NY Mortgage)**

363.    With respect to Paragraph 363 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 362 of the Complaint as if set forth in full here.

364.    Defendant admits the allegations as stated in Paragraph 364 of the Complaint.

365.    Defendant denies the allegations as stated in Paragraph 365 of the Complaint.

366.    Defendant denies the allegations as stated in Paragraph 366 of the Complaint.

367.     Defendant denies the allegations as stated in Paragraph 367 of the Complaint.

368.     Defendant denies the allegations as stated in Paragraph 368 of the Complaint.

369.     Defendant denies the allegations as stated in Paragraph 369 of the Complaint.

## TWENTY-FIFTH CAUSE OF ACTION
### (Fraudulent Conveyance of the MSSH-NY Mortgage)

370.     With respect to Paragraph 370 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 369 of the Complaint as if set forth in full here.

371.     Defendant admits the allegations as stated in Paragraph 371 of the Complaint.

372.     Defendant denies the allegations as stated in Paragraph 372 of the Complaint.

373.     Defendant denies the allegations as stated in Paragraph 373 of the Complaint.

## TWENTY-SIXTH CAUSE OF ACTION
### (Avoidance of Preferential Transfers Pursuant to Section 547 of the Bankruptcy Code)

374.     With respect to Paragraph 374 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 373 of the Complaint as if set forth in full here.

375.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated as stated in Paragraph 375 of the Complaint.

376.     Defendant denies the allegations as stated in Paragraph 376 of the Complaint, but admits the "Avoidable Transfers" identified in Paragraph 99 were made to or for the benefit of Defendant.

377.     Defendant denies the allegations as stated in Paragraph 377 of the Complaint, but admits that each of the "Avoidable Transfers" identified in Paragraph 99 was made for or on account of debt(s) owed by CMC to Defendant.

378.     Defendant denies the allegations as stated in Paragraph 378 of the Complaint.

379.     Defendant denies the allegations as stated in Paragraph 379 of the Complaint.

380.     Defendant admits that the "Avoidable Transfers" identified in Paragraph 99 were made during the one year prior to the Petition Date.

381.     Defendant denies the allegations as stated in Paragraph 381 of the Complaint.

382.     Defendant denies the allegations as stated in Paragraph 382 of the Complaint.

## TWENTY-SEVENTH CAUSE OF ACTION
### (Avoidance of Fraudulent Transfers Pursuant to Section 548 of the Bankruptcy Code)

383.     With respect to Paragraph 383 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 382 of the Complaint as if set forth in full here.

384.     Defendant admits that the "Avoidable Transfers" identified in Paragraph 99 were made within one year of the Petition Date.

385.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 385 of the Complaint.

386.     Defendant denies the allegations as stated in Paragraph 386 of the Complaint.

387.     Defendant denies the allegations as stated in Paragraph 387 of the Complaint.

## TWENTY-EIGHTH CAUSE OF ACTION
### (Recovery of Avoided Transfers Pursuant to Section 550(a) of the Bankruptcy Code)

388.     With respect to Paragraph 388 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 387 of the Complaint as if set forth in full here.

389.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 389.

390.     Defendant denies the allegations as stated in Paragraph 390 of the Complaint.

## TWENTY-NINTH CAUSE OF ACTION
### (Disallowance of Claims Pursuant to
### Section 502(d) of the Bankruptcy Code)

391.    With respect to Paragraph 391 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 390 of the Complaint as if set forth in full here.

392.    Defendant denies the allegations contained in Paragraph 392 of the Complaint.

393.    Defendant denies that the "Avoidable Transfers" are avoidable pursuant to Sections 547 and 548, but Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 393.

394.    Defendant denies the allegations contained in Paragraph 394 of the Complaint.

395.    Defendant denies the allegations contained in Paragraph 395 of the Complaint.

## THIRTIETH CAUSE OF ACTION
### (Declaring Certain "Debts" Barred By the Statute of Limitations)

396.    With respect to Paragraph 396 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 395 of the Complaint as if set forth in full here.

397.    Defendant states that no response is required to the allegations contained in Paragraph 397 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

398.    Defendant states that no response is required to the allegations contained in Paragraph 398 of the Complaint because they relate solely to the instant cause of action against MSSH-ILL.

## Reservation of Rights and Claims

399.    With respect to Paragraph 399 of the Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1 through 398 of the Complaint as if set forth in full here.

400.    Defendant states in response to Paragraph 400 of the Complaint that the Plaintiff was provided with ample period of investigation and determined to investigate claims in the manner it saw fit.  Defendant further states that the Plaintiff was not limited in its discovery rights during the investigation period.

401.    Defendant states in response to Paragraph 401 that Defendant reserves the right to contest any additional claims or amendments to the Complaint that may be made by the Plaintiff after the Court ordered deadline of October 28, 2009.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    The Complaint fails to state a claim(s) upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff, through derivative standing of the Debtor, is not entitled to the relief sought in the Complaint because Debtor failed to perform, breached its contractual obligations to Defendant and/or failed to meet a condition precedent.

### THIRD AFFIRMATIVE DEFENSE

3.    Defendant is entitled to setoff amounts owed to Debtor against amounts that Debtor owes to Defendant under the doctrine of setoff.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and *In Pari Delicto*.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred, in whole or in part, by the *Wagoner* Rule.

## SIXTH AFFIRMATIVE DEFENSE

6. The Complaint fails to plead actual fraudulent intent with particularity.

## SEVENTH AFFIRMATIVE DEFENSE

7. The Complaint fails to plead inequitable conduct of Defendant with particularity.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred, in whole or in part, by reason of 11 U.S.C. § 546(e).

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred, in whole or in part, by reason of 11 U.S.C. § 546(f).

## TENTH  AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred, in whole or in part, by reason of 11 U.S.C. § 547(c).

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred, in whole or in part, to the extent any transfers were made by the Debtor to or for the benefit of Defendant, Defendant gave subsequent new value to or for the benefit of the Debtor which was not secured by an otherwise unavoidable security interest, and on account of which new value, the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant, within the meaning of 11 U.S.C. § 547(c)(4).

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims are barred, in whole or in part, because any transfers or payments alleged by the Debtor to have been made to Defendant were on account of a debt or debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant; were made in the ordinary course of business or financial affairs of the Debtor and Defendant; and were made according to ordinary business terms, within the meaning of 11 U.S.C. § 547(c)(2), and therefore Debtor are not entitled to avoid any of such transfers or recover the same from Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Defendant is entitled to recoup amounts Defendant paid to Debtor under the doctrine of recoupment.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claims are barred, in whole or in part, because at the time of the alleged transfers Defendant was not an "insider" within the meaning of the Bankruptcy Code or common law.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's claims are barred, in whole or in part, because the alleged transfers were made more than ninety days before the date of the filing of the petition.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claims against Defendant are time barred, in whole or in part.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's claims are barred, in whole or in part, because reasonably equivalent value was given and received in the alleged transactions in question.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's claims are barred, in whole or in part, because fair consideration was given and received in the alleged transactions in question.

### NINETEENTH  AFFIRMATIVE DEFENSE

19.     Plaintiff's claims are barred, in whole or in part, because Defendant was not (i) an initial transferee; (ii) a party for whose benefit the transfer was made or; (iii) the immediate or mediate transferee of the initial transfer, within the meaning of 11 U.S.C. § 550.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims are barred, in whole or in part, because Defendant never had dominion or control over the money or other assets of Debtor.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff's claims are barred, in whole or in part, because Defendant has returned to the estate any money or assets to which such estate was rightfully entitled, and as may be required pursuant to 11 U.S.C. § 502.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claims are barred, in whole or in part, by the terms of the agreements between Defendant and Debtor.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff's claims are barred, in whole or in part because Defendant is a *bona fide* purchaser.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiff's claims are barred, in whole or in part because Defendant is a transferee or obligee who gave value in good faith for transfers and obligations within the meaning of 11 U.S.C. § 548.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims are barred, in whole or in part, because any alleged transfer sought to be avoided did not enable Defendant to receive more than they would have received had the Debtor commenced a Chapter 7 proceeding.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Defendant is not liable to Debtor because Defendant did not have the requisite level of intent.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Defendant is not liable to Debtor because Defendant did not have the requisite level of culpability.

## RESERVATION OF RIGHTS AND DEFENSES

29.     Defendant reserve the right to assert additional affirmative defenses upon discovery of further information regarding Plaintiff's claims and upon the development of other relevant information.

## JURY DEMAND

30.     A trial by jury is demanded.



**WHEREFORE**, Defendant respectfully requests that this Court enter Judgment in its favor and dismiss the Complaint in its entirety; that Defendant be awarded all of the costs, disbursements and attorneys' fees incurred in connection with this action; and that the Court grant Defendant any additional, equitable and other relief that the Court deems just and proper under the circumstances.

Dated: New York, New York
       December 3, 2009

                                        Respectfully submitted,
                                        KLESTADT & WINTERS, LLP
                                        By:

                                         /s/Sean C. Southard
                                        Sean C. Southard
                                        Brendan M. Scott
                                        292 Madison Avenue, 17th Floor
                                        New York, New York  10017
                                        (212) 972-3000

                                        Attorneys for Defendant